UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BASHEGA A. MITCHELL

                                       CIVIL ACTION

    VS.

                                         15-757-SDD-RLB

AMERICAN EAGLE AIRLINES, INC.

**RULING**

Before the Court is Defendant's *Motion for Partial Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.*[1]  Plaintiff has filed an *Opposition*[2] to which the Defendant filed a *Reply.*[3]  For the following reasons, the Court grants Defendant's *motion.*

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Bashega A. Mitchell ("Plaintiff" or "Mitchell"), an African American woman, filed this employment discrimination lawsuit against her former employer of approximately 18 years, American Eagle Airlines, Inc. ("American Eagle").  Mitchell claims that, on March 21, 2011, she was improperly demoted from her position as Lead Agent by her supervisor, Bonnie Sutton ("Sutton"), for allowing a co-worker to clock-in one minute late.[4]  On this same day, Mitchell was discharged for allegedly falsifying records related to the incident.[5]  It is Mitchell's position, however, that she was actually terminated because of her race,

---

[1] Rec. Doc. 8.  In its *Reply* brief American Eagle Airlines, Inc., converted its Rule 12(b)(6) *Motion to Dismiss* to a *Motion for Partial Dismissal.*  Rec. Doc. 21, p. 1.
[2] Rec. Doc. 18.
[3] Rec. Doc. 21.
[4] Rec. Doc. 1, p. 3, ¶9 and ¶15; Rec. Doc. 3, p. 3, ¶9 and ¶15.
[5] Rec. Doc. 1, p. 3, ¶10; Rec. Doc. 3, p.3, ¶10.

religion, disability, and as a form of retaliation.[6]  According to Mitchell, Sutton continuously criticized her and treated her less favorably than other Caucasian employees by giving them more preferable work assignments and offering them assistance when requested.[7] After receiving treatment for mucoepidermoid carcinoma cancer and being released to work by her physician, Mitchell claims that Sutton refused to allow her to return to work until she was "100% released"; Mitchell contends that such a requirement was not imposed on her Caucasian co-workers.[8]  Mitchell further asserts that she reported these incidents to individuals within American Eagle's Human Resource Department, including the Regional Director, but no action was taken.[9]

Following her termination from American Eagle, Mitchell filed a *Charge of Discrimination* with the Equal Employment Opportunity Commission ("EEOC") on June 23, 2011, claiming that her demotion at American Eagle had been a form of race discrimination in violation of Title VII and La. R.S. 23:301 *et seq*.[10]  On July 2, 2012, Mitchell filed an *Amended Charge* wherein she broadened her claim to include discrimination based upon sex, religion, and retaliation, and the time span within which the discriminatory acts allegedly occurred.[11]  In her *Amended Charge*, she also claimed to have been subjected to unfair working conditions and a hostile work environment.[12] After an unsuccessful conciliation, the EEOC issued Mitchell a *Right to Sue Letter* on

---

[6] Rec. Doc. 1, p. 3, ¶11; pp. 5-6, ¶23; p. 6, ¶25; Rec. Doc. 3, ¶11; pp. 5-6, ¶23; p. 6, ¶25.
[7] Rec. Doc. 1, p. 4, ¶¶16-17; Rec. Doc. 3, p. 4, ¶¶16-17.
[8] Rec. Doc. 1, p. 5, ¶20; Rec. Doc. 3, p. 5, ¶20.
[9] Rec. Doc. 1, p. 5, ¶19; Rec. Doc. 3, p. 5, ¶19.
[10] Rec. Doc. 1, pp. 6-7, ¶28; Rec. Doc. 3, pp. 6-7, ¶28; Rec. Doc. 21, p. 9.
[11] Rec. Doc. 21, p. 10.  In her original *Charge of Discrimination*, Mitchell indicated that the dates of discrimination occurred on March 21, 2011.  However, in her *Amended Charge*, Mitchell changed the dates of discrimination to June 14, 2010 through March 4, 2011.  Rec Doc. 21, pp. 9-10.
[12] Rec. Doc. 21, p. 10.

April 20, 2015.[13]  Approximately seven months later, on November 10, 2015, Mitchell filed her *Original Complaint* against American Eagle asserting claims arising under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000 *et seq.*, and the Louisiana Constitution.[14]  Mitchell subsequently filed an *Amended Complaint* to correctly name and identify American Eagle as the sole Defendant.[15]

In response to her *Complaints*, American Eagle seeks partial dismissal of Mitchell's claims because they are barred by the discharge injunction in American Eagle's Bankruptcy plan.  Specifically, American Eagle seeks dismissal of Plaintiff's claims based on conduct that occurred prior to the Bankruptcy Petition Date, or November 29, 2011.  Mitchell opposes the motion on two grounds.  First, she argues that her claim did not actually occur until August 20, 2015, when the EEOC issued its *Right to Sue Letter*.  Second, Mitchell asserts that she did not receive reasonable notice of American Eagle's confirmation hearing.

## II.   LAW AND ANALYSIS

### A.  Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17]  "To

---

[13] Rec. Doc. 1-1.
[14] Rec. Doc. 1, p. 1, ¶1; p. 5, ¶21; Rec. Doc. 3, p. 1, ¶1; p. 5, ¶21.
[15] Rec. Doc. 3.  In the caption of and throughout her *Complaint*, Mitchell asserted her claims against "American Eagle Airlines, Inc., et al."  Rec. Doc. 1.
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18]  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[19]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21]  However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[23]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[24]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[25]

## B. Bankruptcy Documents

In support of its motion, American Eagle has attached various documents related to its Chapter 11 Bankruptcy Proceeding in the United States Bankruptcy Court for the

---

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[19] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (hereinafter *Twombly*).

[20] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).

[22] *Id.* (citing *Twombly*, 550 U.S. at 556).

[23] *Id.*

[24] *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

[25] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Southern District of New York, *In re AMR et al.*, Case No. 11-15463.[26]  Defendant asks

the Court to take judicial notice of these bankruptcy documents in ruling on its motion.[27]

The Fifth Circuit has held that taking judicial notice of "public records directly relevant to

the issue at hand" is proper in assessing a 12(b)(6) motion and does not transform the

motion into one for summary judgment.[28]   The Court finds that American Eagle's

bankruptcy filings in Case No. 11-15463 are, in fact, directly related to the viability of

Plaintiff's pre-Bankruptcy Petition ("pre-Petition") claims.  Hence, the Court shall take

judicial notice of the bankruptcy filings.

### C.  Pre-Petition Claims

American Eagle urges the Court to dismiss Mitchell's wrongful demotion claim and

any discrimination claims based upon pre-Petition conduct because they are barred by

the discharge injunction in American Eagle's bankruptcy Plan.  In response, Mitchell

initially argues that her claims did not arise until the EEOC issued its *Right to Sue Letter*

in November of 2015; therefore, her pre-Petition claims are not barred.  The Court

disagrees.

As previously mentioned, on November 29, 2011, American Eagle, its former

parent company, AMR Corporation, and other related Debtors (collectively "Debtors") filed

---

[26] In addition to American Eagle, its former parent company, AMR Corporation, and other related debtors filed voluntary petitions for Chapter 11 relief, and the cases were consolidated and docketed as Case No. 11-15463.

[27] American Eagle has noted that these documents are "publicly available and free of charge at www.amrcaseinfo.com."  Rec. Doc. 8-1, p. 2, n. 2.

[28] *Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th Cir. 2011)("court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").  *See also, In re C.F. Bean L.L.C.*, 2015 WL 420211, *2 (S.D. Miss. Feb. 2, 2015)(in finding that consideration of bankruptcy documents in support of motion to dismiss was proper, the district court explained that "[t]he Fifth Circuit Court of Appeals has recently reaffirmed that district courts may consider public documents obtained from bankruptcy proceedings when evaluating a motion to dismiss pursuant to Rule 12(b)(6)" (citing *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F.App'x 279, 283-84 (5th Cir. 2014)).

voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York.[29]  The cases were consolidated into one action, Case No. 11-15463.[30]  On May 3, 2012, the Bankruptcy Court issued an order ("Bar Date Order") establishing July 16, 2012 at 5:00pm (EST) as the deadline for the submission of any non-governmental claims.[31]  Mitchell did not file a claim.

On October 22, 2013, the Bankruptcy Court entered an order ("Confirmation Order") confirming the Debtors' Chapter 11 reorganization plan, which became effective on December 9, 2013.   Pursuant to the Confirmation Order:

> [A]ll Persons or Entities who have held, hold, or may hold Claims … and all other parties in interest ….shall be permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim against Debtors or the Reorganized Debtors other than actions to enforce the Plan or with respect to the allowance of Claims and Equity Interests, (ii) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtors or the Reorganized Debtors or property of any of the Debtors or the Reorganized Debtors, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or the Reorganized Debtors, or (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors or the Reorganized Debtors or against property or interests in property of the Debtors or the Reorganized Debtors, with respect to any such Claim or Equity Interest.  Such injunction shall extend to any successors of the Debtors and the Reorganized Debtors and their respective property and interests in property.[32]

In this case, the discharge of indebtedness occurred under Chapter 11 of the Bankruptcy Code.

---

[29] *Supra* note 26.  Rec. Doc. 1, Case No. 11-15469 (Voluntary Petition filed by American Eagle Airlines, Inc.)(available at www.amrcaseinfo.com/related_15469.php); Rec. Doc. 1, Case No. 11-15463 (Voluntary Petition filed by AMR Corporation)(available at www.amrcaseinfo.com/maincase.php?start_no=1&end_no=200).
[30] Rec. Doc. 46, Order signed on November 29, 2011 Directing Joint Administration of Chapter 11 Cases of American Airlines (designating lead case as 11-15463)(available at http://www.amrcaseinfo.com/maincase.php?start_no=1&end_no=200).
[31] Rec. Doc. 8-3.
[32] Rec. Doc. 8-6, pp. 66-67, ¶56(a).

A Chapter 11 "discharge is broader than that obtained in a Chapter 7 bankruptcy; while a Chapter 7 discharge deals only with debts incurred prior to the filing of the petition, § 1141(d) discharges the debtor from any debt (with certain exceptions) that arose before the date of *confirmation*."[33]   The Fifth Circuit, relying on Supreme Court jurisprudence, has explained that "the terms 'debt' and 'claim' are coextensive"[34] and "there is no distinction between 'debt' and 'claim' for purposes of the Bankruptcy Code."[35]   Courts have found that "[a] claim arises, for the purposes of discharge in bankruptcy cases, at the time of the events giving rise to the claim, not at the time the plaintiff is first able to file suit on the claim."[36]   Courts must refer to the relevant non-bankruptcy law when determining when a claim arises.[37]   In this case, the relevant law would be Title VII and Louisiana law.

Mitchell argues that her claim did not arise until she received her *Right to Sue Letter* from the EEOC.   The Court concludes otherwise.   Within the Fifth Circuit, a plaintiff's Title VII claim arises when he or she "knows or reasonably should know that the discriminatory act has occurred."[38]   Here, it is apparent from the record that Mitchell knew or reasonably believed that she had been discriminated against when she filed her original EEOC *Charge* on June 23, 2011.   In her original *Charge*, Mitchell specifically

---

[33] *Matter of Christophe*r, 28 F.3d 512, 515 (5th Cir. 1994).

[34] *Matter of Southmark Corp.*, 88 F.3d 311, 317 (5th Cir. 1996)(citing *Pennsylvania Dep't. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990)).

[35] *Id.* (citing *In re Lindsey, Stephenson & Lindsey*, 995 F.2d 626, 628 (5th Cir. 1993), *cert denied*, 510 U.S. 1111, 114 S.Ct. 1053, 127 L.Ed.2d 374 (1994)).

[36] *Cost v. Super Media*, 482 B.R. 857, 862 (S.D.N.Y. 2012)(citing *Carter v. Safety-Kleen Corp.*, 2007 WL 1180581, at *4-5 (S.D.N.Y. Mar. 14, 2007)), see also, *In re Ybarra*, 424 F.3d 1018, 1022-23 (9th Cir. 2007)(stating, "A claim arises for the purposes of discharge in bankruptcy, at the time of the events giving rise to the claim")(citations omitted)).

[37] *Id.* (quoting *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F.Supp.2d 176, 196 (E.D.N.Y. 2010)).

[38] *Caswell v. Federal Express Corp.*, 2002 WL 31927116, at *8 (N.D. Tex. Dec. 31, 2002)(citing *Merrill v. Southern Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986)).

claimed that she had been demoted by Sutton because of her race in violation of La. R.S. 23:301 *et seq.* and Title VII.[39]   In her *Amended Charge*, Mitchell reiterated her demotion claim and further asserted that, since the filing of her original charge, she had been "subject[ed] to unfair work conditions, including but not limited to having [her] time off requests refused or delayed by [her] supervisor, Bonnie Sutton, and being subject[ed] to a hostile work environment."[40]   Based upon the information Mitchell included in both of her charges with the EEOC, it is evident that Mitchell had knowledge of allegedly discriminatory actions taken against her before American Eagle filed its Bankruptcy Petition.

Mitchell's argument that the lack of a *Right to Sue Letter* left her pre-Petition discrimination claims unmatured or contingent also has no merit.   Courts faced with similar challenges involving the discharge of employment discrimination claims have concluded that the exhaustion of administrative remedies, including the receipt of a right to sue letter, "is a procedural requirement and does not give rise to the claim."[41]   Further, Section 101(5)(A) of the Bankruptcy Code defines "claim" to include a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or

---

[39] Rec. Doc. 21, p. 9.

[40] Rec. Doc. 21, p. 10.

[41] *Rafter v. Great Atlantic & Pacific Tea Co., Inc.*, 2013 WL 4400496, at *9 (D.Md. Aug. 15, 2013)(quoting *Holcombe v. U.S. Airways, Inc.*, 369 F.App'x 424, 428 (4th Cir. 2010)(per curium); accord *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 741 (8th Cir. 1996)("Under Title VII the right to sue letter is merely a jurisdictional prerequisite, and does not create a claim."). *See also, O'Loghlin v. County of Orange*, 229 F.3d 871, 874 (9th Cir. 2000)(plaintiff's ADA claim based on pre-discharge violations deemed a claim per 11 U.S.C. §101(5) even though plaintiff did not receive right to sue letter until debtor's debts had been discharged); *Cost v. Super Media*, 482 B.R. 857, 861-62 (S.D.N.Y. 2012)(when EEOC right to sue letter is issued is irrelevant to whether section 1141(d) discharges an employment discrimination claim; rather, the determination "hinges on when the alleged misconduct occurred" (quoting *Carter*, 2007 WL 1180581, at *4 (citing *O'Loghlin*, 229 F.3d 871, 874-75 (9th Cir. 2000))).

unsecured."[42]  As one court noted, the Bankruptcy Code's definition of claim "is broad enough to include an obligation for which a civil action would be premature due to statutory prerequisites such as the right to sue letter."[43]  Based on the foregoing, the Court finds that Mitchell's argument that her claims did not arise until she received her Right to Sue letter must fail.

As an alternative argument, Mitchell contends that American Eagle did not give her constitutionally sufficient notice of its Bankruptcy Proceeding and Bar Date Notice. The Court finds that this argument likewise fails.  The Fifth Circuit has explained that "[a] creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice…Due process requires notice that is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response."[44]  The Fifth Circuit has also noted how the bankruptcy rules "imply that correctly mailed notice creates a presumption that proper notice was given."[45]  Therefore, the "question becomes whether the sender properly mailed the notice and not whether the intended recipient received it."[46]

Included in the Bankruptcy Court documents in Case No. 11-15463 are two separate *Affidavits of Service* provided by Isabel I. Baumgarten, a Senior Director with GCG, Inc., the Debtors' claims and notice agent.[47]  In the first *Affidavit*, Baumgarten attested to the fact that, on December 29, 2011, "a true and correct copy of the Notice of

---

[42] 11 U.S.C. §101(5)(A).

[43] *Kresmery v. Service America Corp.*, 227 B.R. 10, *13 (D.Conn. 1998).

[44] *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995)(citing *Oppenheim, Appel, Dixon & Co. v. Bullock (in re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989), *cert. denied*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989)).

[45] *Id.* (quoting *In re Schepps Food Stores, Inc.*, 152 B.R. 136, 139 (Bankr. S.D. Tex. 1993)).

[46] *Id.* (citing *In re Schepps*, 152 B.R. at 139; *Moody v. Bucknum* (*In re Bucknum*), 951 F.2d 204, 207 (9th Cir. 1991)).

[47] Rec. Doc. 8-2; Rec. Doc. 8-4.

Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines" was "served by first class mail, postage prepaid, on the parties identified on Exhibit C annexed hereto."[48] Included on Exhibit C was Plaintiff's name, Bashega D. Mitchell, and address of 5995 Grand Dr. Baton Rouge, LA 70812-2020.[49] In her second *Affidavit*, dated May 23, 2012, Baumgarten attested to the fact that, on May 18, 2012, a Bar Date Notice and Proof of Claim Form, "customized with name and address information", were "served by first class mail, postage prepaid" on the parties identified in Exhibit B.[50]   Plaintiff's name and Grand Drive address were included in Exhibit B.[51]   American Eagle correctly points out that these bankruptcy documents were mailed to Plaintiff between the filing of her original and amended EEOC Charges.   Importantly, the address Plaintiff provided on both of her charges was the same address that American Eagle mailed the bankruptcy information: 5995 Grand Drive, Baton Rouge, LA 70812.[52]

        "Mailing a notice by First Class U.S. Mail to the last known address of a creditor satisfies due process because it is 'reasonably calculated' to inform the creditor of the bar date for filing proofs of claim."[53]   Aside from mere argument and speculation,[54] Plaintiff

---

[48] Rec. Doc. 8-2, p. 2. (emphasis original).

[49] Rec. Doc. 8-2, p. 3. (Exhibit C).

[50] Rec. Doc. 8-4, pp. 1-2.

[51] Rec. Doc. 8-4, p. 20.  (Exhibit B included "Bashega D. Mitchell, 5995 Grand Dr. Baton Rouge LA 70812-2020").

[52] The EEOC also sent Plaintiff her Right to Sue Letter at the 5995 Grand Drive address.  Rec. Doc. 1-1.

[53] *In re Eagle Bus. Mfg., Inc.*, 62 F.3d at 736 (citing *Mackie v. Production Oil Co.*, 100 B.R. 826, 828 (N.D. Tex. 1988); *In re Solvation, Inc.*, 48 B.R. 670, 673 (Bankr.D.Mass. 1985)).

[54] Mitchell attached her *Affidavit* to her *Opposition* wherein she stated that "she was never sent a copy of Proof of Claim by American Eagle Airlines and that the address allegedly used by American Eagle [A]irlines was not correct." Rec. Doc. 18-1. American Eagle is correct in its argument that Mitchell could not have personal knowledge of whether American Eagle sent her a copy of the Proof of Claim form.  2A C.J.S. Affidavits § 46 ("It is an affiant's personal knowledge, and not his or her beliefs, opinions, rumors, or speculation, that are the proper subject of an affidavit.  An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient.")  In her *Opposition*, Mitchell also offers the speculative argument that "she believes that American Eagle may have executed a written waiver of discharge with the EEOC on her behalf."  Rec. Doc. 18, p. 5.  Mitchell never made such an allegation in her *Complaint*.  Further, Mitchell's arguments raised in her *Opposition* and *Affidavit* attestations in response to American Eagle's motion to

has offered nothing to rebut the presumption that the bankruptcy notices were properly mailed to her.  Accordingly, Plaintiff's wrongful demotion claim and discrimination and retaliation claims based on acts that occurred prior to November 29, 2011 shall be dismissed because they are barred by the discharge injunction in American Eagle's Bankruptcy Plan.

## III.   CONCLUSION

For the foregoing reasons, the Defendant American Eagle Airlines, Inc.'s *Motion For Partial Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure*[55] is hereby GRANTED.  Bashega A. Mitchell's wrongful demotion claim and Pre-Bankruptcy Petition discrimination and retaliation claims are hereby dismissed with prejudice.

Signed in Baton Rouge, Louisiana on <u>August 5, 2016</u>.


<u>*Shelly D. Dick*</u>
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

dismiss cannot be relied upon to cure a defective complaint.  *Smallwood v. New Orleans City*, 2016 WL 54934, *5 (E.D.La. Jan. 5, 2016)("Memoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint" (citing *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 2003 WL 23316646, *5 (S.D.Tex. Mar. 27, 2003)).  Moreover, it would be futile to allow Plaintiff to amend her *Complaints* to rebut the presumption that notice was properly sent in light of the bankruptcy documents.  (*Varela v. Gonzales*, 773 F.3d 704 (5th Cir. 2014)(an amendment would be futile "if the complaint as amended would be subject to dismissal")(quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009))).
[55] Rec. Doc. 8.

33691v.1