**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

BASHEGA A. MITCHELL                                                CIVIL ACTION

VERSUS                                                                       15-757-SDD-RLB

AMERICAN EAGLE AIRLINES, INC.

## RULING

This matter is before the Court on the *Motion for Summary Judgement*[1] filed by Defendant, American Eagle Airlines Inc., ("American Eagle" or "Defendant"). Plaintiff, Bashega Mitchell, ("Mitchell") has filed an *Opposition*[2] to this motion, to which Defendant has filed a *Reply*.[3] For the following reasons, the motion will be GRANTED.

### I. FACTUAL BACKGROUND[4]

Mitchell, an African American woman, filed this employment discrimination and retaliation lawsuit against her former employer, American Eagle. American Eagle now offers summary judgment evidence that Mitchell was terminated following a 2 year medical leave because she was medically unable to return to work.[5] Mitchell maintains she was actually terminated because of her race, religion, disability, and in retaliation for filing an EEOC charge.[6]

---

[1] Rec. Doc. 26.
[2] Rec. Doc. 35.
[3] Rec. Doc. 42.
[4] The Court draws the factual background from the following documents: Rec. Docs. 1, 26-1, 35, 42.
[5] Rec. Doc. 27-5, 27-7.
[6] Rec. Doc. 1, p. 3, ¶11; pp. 5-6, ¶23; p. 6, ¶25; Rec. Doc. 3, ¶11; pp. 5-6, ¶23; p. 6, ¶25.
38763

Mitchell was terminated by American Eagle on February 9, 2014.[7] Mitchell filed a *Charge of Discrimination* with the Equal Employment Opportunity Commission ("EEOC") on June 23, 2011, claiming that she was demoted because of her race in violation of Title VII, and La. R.S. 23:301 *et seq.*[8] On July 2, 2012, Mitchell filed an *Amended Charge* wherein she broadened her claim to include discrimination based upon sex, religion, and claims for retaliation, unfair working conditions, and a hostile work environment.[9] Mitchell also expanded the time span within which the discriminatory acts occurred.[10] After an unsuccessful conciliation, the EEOC issued Mitchell a *Right to Sue Letter* on April 20, 2015.[11] Approximately seven months later, on November 10, 2015, Mitchell filed her *Original Complaint* against American Eagle asserting claims arising under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000 *et seq.*, and the Louisiana Constitution.[12] Mitchell subsequently filed an *Amended Complaint* to correctly name and identify American Eagle as the sole Defendant.[13] The Court has previously granted American Eagle's partial dismissal and will only review the alleged discriminatory and retaliatory acts that occurred on or after November 29, 2011.[14] American Eagle now moves for summary judgment on Mitchell's alleged discrimination and retaliation claims. Mitchell opposes this motion.

---

[7] Rec. Doc. 27-3, p. 5.
[8] Rec. Doc. 1, pp. 6-7, ¶28; Rec. Doc. 3, pp. 6-7, ¶28; Rec. Doc. 21, p. 9.
[9] Rec. Doc. 21, p. 10. In her original *Charge of Discrimination*, Mitchell indicated that the dates of discrimination occurred on March 21, 2011. However, in her *Amended Charge*, Mitchell changed the dates of discrimination to June 14, 2010 through March 4, 2011. Rec Doc. 21, pp. 9-10.
[10] Rec. Doc. 21, p. 10.
[11] Rec. Doc. 1-1.
[12] Rec. Doc. 1, p. 1, ¶1; p. 5, ¶21; Rec. Doc. 3, p. 1, ¶1; p. 5, ¶21.
[13] Rec. Doc. 3. In the caption and throughout her *Complaint*, Mitchell asserted her claims against "American Eagle Airlines, Inc., et al." Rec. Doc. 1.
[14] Rec. Doc. 25.
38763

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[16] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[17] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[18] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[19]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[20] All reasonable factual inferences are drawn in favor of the nonmoving party.[21] However, "[t]he Court has no

---

[15] Fed. R. Civ. P. 56(a).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[17] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552).
[18] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[19] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[20] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[21] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
38763

duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[22] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; the plaintiff [can]not rest on his allegations … to get a jury without any "significant probative evidence tending to support the complaint.""[23]

### B. Viable Claims

Per Mitchell's EEOC charges, the earliest and latest date the discriminatory acts occurred on was March 21, 2011.[24] Mitchell's original EEOC charge states that she was discriminated against because of her race.[25] In her amended EEOC charge Mitchell states that the earliest date the alleged discriminatory acts occurred was June 14, 2010, and the latest date the alleged discrimination occurred was March 21, 2011.[26] Notwithstanding the poorly pleaded EEOC charge, Plaintiff articulates 3 discreet acts which occurred after November 29, 2011 which the Court will evaluate in the context of her Title VII claims. Namely, in December 2011 Mitchell was made to work during the office Christmas party; on February 9, 2012 she was placed on medical leave; and on February 9, 2014 she was terminated.

### C. Exhaustion of Remedies

American Eagle argues that Mitchell's discriminatory termination claim contained

---

[22] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[23] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[24] Rec. Doc. 27-4, p. 43. Mitchell's EEOC charge also notes that it is a continuing action.
[25] *Id.*
[26] Rec. Doc. 27-4, p. 44.
38763

in her *Complaint* should be dismissed because she "failed to satisfy the administrative perquisites for claims related to her termination because she never filed a charge with the EEOC regarding her termination."[27] Mitchell counters that she satisfied her administrative prerequisite obligation which "is to file her complaint with the EEOC within 300 days of the event that gave rise to such action."[28] In *Carter v. Target Corporation*, the Fifth Circuit held: "Before bringing a claim under Title VII, a plaintiff must first file a charge with the EEOC…A plaintiff must exhaust the administrative process and receive her statutory notice of right-to-sue before filing a civil action in federal court."[29] The Court must now determine if Mitchell's EEOC charges provide notice of a claim for termination.

The Fifth Circuit held in *Pacheco v. Mineta*, "this court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[30] Per *Pacheco*, the Court may "look slightly beyond [the charge's] four corners, to its substance rather than its label"[31] to determine whether Plaintiff asserted a claim for termination. Absent in the "Particulars" portion of the original and amended EEOC charge is any language that suggests the EEOC would investigate a claim for discriminatory termination. Looking beyond the four corners of Mitchell's EEOC charge to the substance rather than the label, the Court finds no support for Mitchell's position that she alleged a discriminatory termination claim or that the EEOC would investigate a claim of discriminatory

---

[27] Rec. Doc. 27-3, p. 2.
[28] Rec. Doc. 35, pp. 6-7.
[29] 541 Fed.Appx. 413, 417 (5th Cir. 2013).
[30] 448 F.3d 783, 789 (5th Cir. 2006)(*Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970)).
[31] 448 F.3d at 789.
38763

termination. Accordingly, the Court finds that any claims relating to her discriminatory termination claim have not been exhausted and thus require dismissal.

**D. Discrimination Claims**

Defendant claims that she was discriminated against based upon race, religion, disability, and sex.

1. Disability Discrimination

To establish a *prima facie* case for discrimination under the Americans with Disabilities Act ("ADA") Mitchell must prove: "(1) [she] has a disability; (2) that [she] was qualified for the job; [and] (3) that [she] was subject to an adverse employment decision on account of [her] disability."[32] Plaintiff provides no evidence, nor does she even mention, her *prima facie* burden under the ADA. Mitchell argues that she "can sustain her burden under Title VII or the ADEA"[33] and devotes the majority of her argument to a discussion of why the *McDonnell Douglas* burden shifting framework does not apply to the present case.[34] Mitchell argues she "must simply demonstrate that a genuine issue of material fact exists as to whether or not race was a motivating factor in an adverse employment action [plaintiff] suffered."[35]

In support of summary judgment Mitchell offers her affidavit and the affidavit of

---

[32] *Moss v. Harris County Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017)(quoting *EEOC v. LH C Grp, Inc.,* 773 F.3d 668, 697 (5th Cir. 2014)).
[33] Rec. Doc. 35, p. 8.
[34] Mitchell argues that the United States Supreme Court's decision in *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003), "changed the burden-shifting landscape at the summary judgment stage of employment discrimination lawsuits." Rec. Doc. 35, p. 9. Mitchell contends "Title VII plaintiffs are no longer bound by the strictures of the *McDonnell Douglas* framework." The Fifth Circuit, however, has upheld the application of the *McDonnell Douglas* burden-shifting framework at the summary judgment stage in a Title VII case following the Supreme Court's decision in *Desert Palace, Inc.* Mitchell's interpretation of the law is erroneous and contrary to recent controlling Fifth Circuit precedent; thus, it will not be considered.
[35] Rec. Doc. 35, pp. 9-10.
38763

Wendy Helm, a fellow American Eagle gate agent at the Baton Rouge airport.[36]  These affidavits are incompetent summary judgment evidence in support of her disability claim because they lack specific facts on the issue of Mitchell's disability, *i.e.* specifying Mitchell's disability, establishing Mitchell was qualified to perform the essential functions of her job and that she was subjected to an adverse employment action as a result of her disability.  The only statement in Helm's affidavit that could arguably be considered a statement regarding any alleged disability is: "I witnessed during the period from January, 2009 until late 2010, Ms. Mitchell was very healthy and was not taking any medication nor having any problem."  As the Fifth Circuit stated in *McAlpine v. Porsche Cars North America Inc,* "To defeat a motion for summary judgment, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."[37]

Accordingly, the Court finds that Mitchell has failed to offer any summary judgment evidence to establish a *prima facie* case for disability discrimination under the ADA and accordingly grants summary judgment dismissal of same.

### 2. Race Discrimination

To establish a *prima facie* case for race discrimination, Mitchell must establish the following: she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less

---

[36] *See Id.*
[37] *McAlpine v. Porsche Cars North America Inc.*, 428 Fed.Appx. 261, 264 (5th Cir. 2010)(internal quotations omitted).
38763

favorably than other similarly situated employees outside the protected group."[38] "With respect to the similarly situated employees' requirement, a plaintiff must show that she was treated less favorably than others under nearly identical circumstances."[39] It is undisputed that Mitchell was a member of a protected group or that she suffered some type of adverse employment action.

American Eagle contends Mitchell cannot establish the second element of her *prima facie* case – she was qualified for the position at issue. American Eagle offered summary judgment evidence that Mitchell was terminated because she could no longer perform the essential functions of her job;[40] specifically, the requirement to lift up to 75 pounds, bend, and climb and descend stairs.[41] Following a back injury on May 18, 2011, Mitchell was placed on transitional light duty status until February 8, 2012. From February 9, 2012 until February 9, 2014 Mitchell was on medical leave. The affidavit and documents submitted by American Eagle establish that American Eagle maintained a policy of terminating employees who were unable to return to work following a two year period of medical leave.[42] Nearing the second year of her medical leave, American Eagle sent Mitchell a letter stating the following:

> At this time, it does not appear that you can perform the essential functions of your Station Agent position, with or without a reasonable accommodation, given your occupational restrictions or sedentary duty only. If you have any additional information that you can share regarding an accommodation that will allow you to perform the essential functions of your position, please contact me.[43]

---

[38] *Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016).
[39] *Id.* at 401. (internal citations omitted).
[40] Rec. Doc. 27-4, p. 41.
[41] *Id.*
[42] *Id.*
[43] *Id.*

38763

Mitchell's only evidence that she was able to perform the essential functions of her job is the affidavit of Fredressa Collins, a fellow gate agent for American Eagle airlines at the Baton Rouge airport. Collins attested that Mitchell "was healthy and was not on any medication nor having any problem."[44] This statement is conclusory and fails to traverse the uncontested evidence that Mitchell was restricted to light duty and, thus, not able to perform the essential functions of the position she held.[45] Absent evidence which specifically sets out facts that demonstrate a genuine issue for trial, the Court finds that Mitchell has not made a *prima facie* showing that she was qualified for her position at American Eagle. Given that Mitchell cannot establish every element of her *prima facie* race discrimination claim with summary judgment evidence, American Eagle's motion for summary judgment is GRANTED.

3. Sex Discrimination

While Mitchell's EEOC complaints could be construed as alleging a sex discrimination claim against American Eagle, the Court has scoured the record and pleadings filed in this case for a claim of discrimination based upon sex and finds no such claim. Accordingly, given that Mitchell's EEOC charge for discrimination based upon sex was not contained in her *Complaint* or *Amended Complaint*, the Court will not consider Mitchell's claim for sex discrimination.

4. Religious Discrimination

Mitchell claims that she was discriminated against because she was a Jehovah's Witness. Mitchell claims that she "was further discriminated against in December of 2011,

---

[44] Rec. Doc. 35-2, p. 2.
[45] *See Id.*
38763

when she was made to work [the] counter by herself because she could not partake in the Christmas gathering because of her religion, Jehovah Witness."[46] In her *Statement of Undisputed Facts*, Mitchell avers that when "[she] did not participate, again in the Christmas activities because of her religion, Jehovah's Witness, Sutton got upset, derided and abused her and told her to go work the counter while others sit around."[47] The Fifth Circuit in *Davis v. Fort Bend County* held:

> To establish a prima facie case of religious discrimination under Title VII, the plaintiff must present evidence that (1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement.[48]

The Fifth Circuit has defined *bona fide* religious beliefs as those "moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views."[49] The Court's examination into the sincerity of Mitchell's religious beliefs "must be handled with a light touch or judicial shyness."[50]

Mitchell fails to establish what *bona fide* religious belief was infringed upon when she was required to work during the Christmas party. Mitchell failed to provide summary judgment evidence that her religious beliefs conflicted with an employment requirement, such as mandatory attendance at the Christmas gathering. Mitchell has provided summary judgment evidence that Sutton was informed of her religious beliefs; however, Mitchell presents no evidence that she suffered an adverse employment action for being

---

[46] Rec. Doc. 35, pp. 2-3.
[47] Rec. Doc. 35-1, p. 3.
[48] 765 F.3d 480, 485 (5th Cir. 2014).
[49] *Id.*
[50] *Id.*
38763

scheduled to work during the Christmas gathering because there is no evidence of a conflicting employment requirement. Mitchell has not established a *prima facie* case for religious discrimination per Fifth Circuit jurisprudence. Accordingly, American Eagle's *Motion for Summary Judgment* regarding Mitchell's religious discrimination is GRANTED.

### E. Retaliation Claims

The only viable claims now before the Court are Mitchell's claims for retaliation occurring on or after November 29, 2011.[51] The alleged retaliatory acts are: 1) making Mitchell work during the Christmas Party in 2011; 2) placing Mitchell on medical leave on February 9, 2012; and 3) terminating Mitchell's employment. Fifth Circuit jurisprudence, applying the *McDonnell Douglas* frame work, requires that Mitchell demonstrate the following to meet her *prima facie* proof burden for retaliation claims: "(1) [she] participated in activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action."[52] "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action."[53] For Mitchell "to carry this burden, [she] must rebut each nondiscriminatory or nonretaliatroy reason articulated by the employer."[54]

#### 1. Religious Retaliation

Mitchell's alleged acts of religious retaliation are identical to her alleged acts of religious discrimination.[55] The first prong for retaliation under the *McDonnell Douglas*

---

[51] *See supra* note 18.
[52] *McCoy*, 492 F.3d at 557.
[53] *Id.*
[54] *Id.*
[55] Rec. Doc. 35, pp. 2-3, and Rec. Doc. 35-1, p. 3.
38763

framework is easily met – Mitchell's filing of an EEOC charge is a protected Title VII activity.[56] Mitchell, however, fails to demonstrate how working during a Christmas party is a cognizable adverse employment action under the law. Given this failure, there can be no "causal connection [] between the protected activity and the adverse employment action."[57] Because Mitchell has neither alleged nor provided any summary judgment evidence in support of a *prima facie* case for religious retaliation in accordance with Fifth Circuit precedent, American Eagle's motion for summary judgment on Mitchell's religious retaliation claim is GRANTED.

2. Medical Leave

Mitchell claims that American Eagle retaliated against her by placing her on medical leave, which she contends revoked a previously granted accommodation, in retaliation for her filing an EEOC complaint. Mitchell's filing of an EEOC charge is a protected activity under Title VII and easily meets the first prong of *McDonnell Douglas*.[58] Next, Mitchell must show that a reasonable employee would have found the challenged employment action "materially adverse."[59] An employment action is materially adverse if "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination,"[60] "petty slights or minor annoyances that often take place at work and that all employees experience" do not qualify as adverse employment actions. The Court finds that American Eagle's decision placing Mitchell on medical leave until she was

---

[56] *See Clark County School District v. Breeden*, 532 U.S. 268, 269, 121 S.Ct. 1508, 1509, 149 L.Ed. 2d 509 (2001).
[57] *McCoy*, 492 F.3d at 557.
[58] *See Clark County School District* 532 U.S. at 269, 121 S.Ct. at 1509, 149 L.Ed. 2d 509.
[59] *Soublet v. Louisiana Tax Com'n*, 766 F.Supp.2d 723, 734 (E.D. La. 2011)(quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).
[60] *Id.*, quoting *Burlington*, 548 U.S. at 68 (citations and internal quotation marks omitted).
38763

cleared by her physician or able to perform her duties without an accommodation, necessitating that Mitchell draw unemployment benefits might well have dissuaded a reasonable employee from filing an EEOC charge.

Mitchell must demonstrate by substantial evidence that a causal connection exists between filing her EEOC charge and being placed on medical leave.[61] Per the Fifth Circuit's decision in *Valderaz v. Lubbock County Hospital District*, the Court must consider "three factors when considering the causal link prong: (1) the employee's past disciplinary record, (2) whether the employer followed its typical policy and procedures[62] in terminating the employee, and (3) the temporal proximity between the employee's conduct and termination."[63] With regards to her discipline record, Mitchell maintains that "she had no write up nor any spat with her previous and then Supervisor, Mike McKenzie."[64] This factor weighs in favor of Mitchell.

American Eagle placed Mitchell on medical leave after providing her with a medical accommodation. Linda Behrman, the human resources relations specialist for American Eagle's Baton Rouge location, testified by declaration that Mitchell was placed on medical leave, *i.e.* her accommodation was revoked because the medications Mitchell was taking could "cause drowsiness or otherwise affect cognitive alertness…[thus] preventing station agents from performing certain functions of their jobs."[65] In her deposition, Mitchell was asked if she did not take her medications before her deposition "because when you take

---

[61] *See McCoy*, 492 F.3d at 557; *Wheat v. Florida Parish Juvenile Justice Com'n*, 811 F.3d 702, 705 (5th Cir. 2016).
[62] As discussed above the summary judgment evidence before the Court demonstrates that American Eagle followed its policies and procedures when terminating Mitchell.
[63] 611 Fed.Appx. 816, 823 (5th Cir. 2015).
[64] Rec. Doc. 35, p. 2.
[65] Rec. Doc. 26-3, p. 2.
38763

that medication it impacts your ability to do things like operate machinery, drive, concentrate, et cetera?" She responded "Yes."[66] Perplexingly, when asked "can we agree that you really can't work while you are on that medication," she responded "No." Mitchell responded that she used a TENS unit while at work but that it would not make her dizzy or confused.[67] When asked again whether the medications at issue would "affect your ability to concentrate," Mitchell stated that they would.[68] American Eagle's summary judgment evidence that Mitchell was placed on medical leave due to the effects of medications which could impact her ability to perform her job was unassailed by Mitchell's inconsistent testimony. Mitchell has provided no summary judgment evidence that American Eagle did not follow company procedures in placing her on permanent medical leave, and has presented no evidence of retaliatory pretext for this decision.

On June 23, 2011, Mitchell filed her original EEOC charge[69] and, on July 2, 2012, Mitchell filed an *Amended Charge*.[70] Mitchell was placed on permanent medical leave on February 9, 2012. The time lapse from the filing of the original charge and placing Mitchell on permanent medical leave was nearly twenty months, and nearly seven months from her amended EEOC charge. In *Valderaz* the court held, "while suspicious timing alone is rarely sufficient to establish the requisite causal connection, this Court allows for a *prima facie* case to be made on temporal proximity alone if it is very close."[71] The Court finds that the 20 month time lapse from the date of Mitchell's charge of the employment

---

[66] Rec. Doc. 26-2, p. 22.
[67] *See Id.* at p. 23.
[68] *See Id.*
[69] Rec. Doc. 1, pp. 6-7.
[70] Rec. Doc. 21, p. 10.
[71] 611 Fed.Appx. at 823 (internal citations omitted).
38763

action in question (medical leave) is not of a significant temporal proximity to make a *prima facie* showing of causal connection. The Court, therefore, finds that she has not established a *prima facie* case of retaliation for being placed on medical leave and American Eagle's motion is GRANTED.

### 3. Retaliatory Termination

Mitchell's termination indisputably qualifies as an adverse employment action.[72] The Court must determine whether Mitchell has presented summary judgment evidence sufficient to establish a causal connection between the 2011 filing of her EEOC charges and her termination in 2014. Mitchell must provide "substantial evidence that but for exercising protected rights, she would not have been discharged."[73] Mitchell's support for her retaliation claim is her own subjective belief that all of the above alleged retaliatory acts were engineered "to get her to quit."[74] Mitchell's conclusory allegations are not competent summary judgment evidence.[75] The Court notes that during her deposition Mitchell was questioned if she had been terminated "because you had been out on leave for two years, and you were unable to return to work. Do you think that's not the real reason that you were terminated?"[76] Mitchell responded she "thought [she] was terminated because [she] was not able to return to work."[77] Mitchell has provided no summary judgment evidence of a causal connection between her 2011 filing of an EEOC charge and her 2014 termination, and Mitchell's own testimony acknowledged that she

---

[72] *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62, 126 S.Ct. 2405, 2411, 165 L.Ed.2d 345 (2006).
[73] *Wheat v. Florida Parish Juvenile Justice Com'n*, 811 F.3d 702, 705 (5th Cir. 2016)(citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013)).
[74] Rec. Doc. 35, p. 3.
[75] *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[76] Rec. Doc. 27-4, p. 25, lines 12-15.
[77] *Id.* at lines 16-17.
38763

was terminated per American Eagle policy. Accordingly, the Court finds that Mitchell has not established a *prima facie* case for retaliatory termination, and summary judgment is GRANTED.

## III.     CONCLUSION

For the above stated reasons, American Eagle's *Motion for Summary Judgment*[78] is GRANTED.[79]  Accordingly a separate *Judgment* shall be entered.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 13, 2017.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[78] Rec. Doc. 26.
[79] While Mitchell's *Amended Complaint* alleges that American Eagle violated the Louisiana state constitution she provides no legal argument in any subsequent pleading specifying which provision of the Louisiana constitution, was violated or any analysis detailing how the alleged action violates Louisiana law. To the extent that Mitchell's *Complaint* can be seen as an allegation that American Eagle violated the Louisiana Employment Discrimination Law ("LEDL"), given that the LEDL analysis is identical to Title VII analysis, summary judgment is granted in favor of American Eagle. *See La Day v. Catalyst Technology, Inc.*, 302 F.3d 474, 477 (5th Cir. 2002); *Alderman v. Great Atlantic & Pacific Tea Co., Inc.*, 332 F.Supp.2d 932, 936 (E.D. La. 2004).  With respect to any other potential claims under Louisiana law, because Mitchell fails to mention any specific constitutional or statutory provisions that she claims American Eagle violated, and the Court cannot ascertain Mitchell's entitlement to any such relief, all Louisiana state law claims are dismissed with prejudice.
38763